**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE ANGEL RODRIQUEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-358-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, *FCI La Tuna*,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jose Angel Rodriquez,[1] Federal Prisoner Number 21981-510, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[2] His opposed petition is dismissed for failure to exhaust his administrative remedies.

**BACKGROUND**

Rodriquez is a 45-year-old prisoner serving a 108-month sentence followed by 60 months' supervised release imposed in the District of Arizona after he pled guilty to possession with intent to distribute more than 40 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), possession with intent to distribute more than 50 grams of methamphetamine, and conspiracy to commit money laundering.[3] He is confined to the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court.[4] With the benefit of 486 days of Good Conduct Time ("GCT") credits, his projected release date May 16, 2030.[5] With

[1] Petitioner and the Bureau of Prisons ("BOP") use different spellings of his last name. Petitioner spells it with a "Q" in his habeas petition. *See* Pet'r's' Pet., ECF No. 1 at 1 (style of case) and 5 (signature block). However, he spells it with a "G" on the return address of the envelope used to mail his petition. *Id*. at 9. The BOP spells his name with a "G." Because Petitioner's register number is identical, this appears to be a purely typographical error or preference of Petitioner.
[2] Pet'r's Pet., ECF No. 1.
[3] *Id.* at 1; *United States v. Rodriguez*, 2:22-CR-01172-SMB-1 (D. Ariz.), Am. J. in a Crim. Case ECF No. 154.
[4] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 21981-510, last visited Aug. 12, 2025).
[5] *See* Resp't's Resp., Ex. 2 (Decl. of Bertha Tovar), ECF 10-5 at ¶ 15 and Attach. 1 (Public Information

the addition of First Step Act ("FSA") earned time credits, his conditional placement date in a residential reentry center is August 19, 2029.[6]

Rodriquez claims that his release date "is contrary to the First Step Act (FSA), the Second Chance Act (SCA), and the Bureau of Prisons (BOP) mandate[.]"[7] He asserts that he is entitled to FSA earned time credits for the period between September 15, 2022, and October 20, 2024. He adds that he has not received SCA credits for the same period. He argues that if the BOP had properly applied the FSA to him, his placement in a residential reentry center would have occurred on or about August 15, 2025.[8] He asks that the Court intervene and order Respondent Warden Charisma Edge to provide him with "all Good Time, First Step Act, and Second Chance Act Credits that [he] entitled to."[9]

Warden Edge maintains the Court should dismiss Rodriquez's petition because he has failed to exhaust his administrative remedies.[10] She also asserts the Court should deny Rodriquez's petition because credits under the SCA, FSA, and via GTC are not creditable prior to sentencing.[11] Finally, she claims the Court should deny Rodriquez's petition because the BOP is accurately crediting and applying all time credits under the FSA, SCA, and through GTC to Rodriquez's sentence and he has failed to show otherwise.[12]

Rodriquez replies habeas corpus is a constitutional right, and he is not required to exhaust

---

Inmate Data), ECF No. 10-6 at 2.

[6] *Id.*; *see also* Attach. 3 (First Step Act Time Credit Assessment), ECF No 10-7 at 3.

[7] Pet'r's Pet., ECF No. 1 at 2.

[8] *Id*. at 3.

[9] *Id.* at 5.

[10] Resp't's Resp., ECF No. 10 at 2.

[11] *Id.* at 4.

[12] *Id.* at 7.

his administrative remedies.[13] He also maintains "[t]here is not [a] rational explanation for the denial of time credits as well as for the improper calculation of [his] time credits."[14]

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[15] A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[16] To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States."[17]

## ANALYSIS

Rodriquez's administrative remedy history shows that as of September 25, 2025, he has not submitted any administrative remedy request while in BOP custody.[18] Rodriquez argues "[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited."[19] He is wrong.[20]

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify an error if it fails to properly calculate a sentence.[21] "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek

[13] Pet'r's Reply, ECF No. 11 at 8.
[14] *Id.*
[15] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[16] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[17] 28 U.S.C. § 2241(c).
[18] *See* Resp't's Resp., Ex. 1 (Decl. of Johnna Burrows), ECF 10-2 at ¶ 10 and attach 2 (Administrative Remedy Generalized Retrieval), ECF No. 10-4.
[19] Pet'r's Pet., ECF No. 1 at 5.
[20] *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).
[21] *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'"[22]

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances."[23] And a petitioner bears the burden of demonstrating such circumstances.

Consequently, Rodriquez "must first pursue all available administrative remedies" before seeking relief under § 2241.[24] And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP.[25]

The Court finds that Rodriquez has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review.[26] It notes that dismissal on this basis alone is warranted.[27]

Additionally, the Court observes that, according to BOP records, Rodriquez is accruing

---

[22] *Setser*, 607 F.3d at 133 (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

[23] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).

[24] *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).

[25] *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

[26] *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.").

[27] *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

FSA earned time credits for his participation in evidence-based recidivism reduction programs and productive activities.[28] But he is apparently disqualified from accruing these credits because he is serving a sentence for a conviction involving 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(b)(1)(B)(vi).[29]

## CONCLUSIONS AND ORDERS

The Court concludes that Rodriquez has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Jose Angel Rodriquez's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

**SIGNED** this 17th day of August 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[28] Resp't's Resp., Ex. 2 (Decl. of Bertha Tovar), ECF 10-5 at ¶ 15 and Attach 3 (First Step Act Time Credit Assessment), ECF No 10-7 at 3.
[29] 18 U.S.C. § 3632(d)(4)(D)(lxvi).